Finding no errors in the record, the judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

### On Motion for Rehearing.

MARTIN, J.  Appellant insists, on motion for rehearing, that we erred in holding that it was not necessary under the facts of the instant case for the state to elect upon which of two proven transactions it asked for a conviction. There is some conflict between the bill of exception presenting the matter and the statement of facts. We are bound, however, in such case, by the bill of exception approved by the judge.

■ A careful reconsideration of appellant's bill of exception has convinced us that we were in error in our original holding. It sufficiently appears by said bill that the state proved a sale of whisky by the witness Neal Russell some week or so prior to the transaction testified to by the officers. This witness testified he saw the appellant sell three gallons, which appears to be an entirely separate and distinct transaction from that testified to by the officers, and which could have been appropriated by the jury as a basis for conviction. In such a case it was the duty of the state to elect. The authorities on this point have been recently collated in the case of Stringer v. State, No. 11949, 10 S.W.(2d) 721, not yet officially reported. There may be cases where only an election is demanded, others where only a limitation of the testimony is required, and still others where the accused is entitled to both an election and limitation, upon proof of another offense. The particular facts of each case must determine this, but a discussion of these rules here would be academic under the issues of law present in this record.

■ Appellant contends that the whisky found by the officers had been planted there and that appellant knew nothing of its presence, and that the raid was engineered by appellant's father-in-law, who desired to obtain possession of his business. This he claims is supported by testimony showing that appellant invited the officers to come and search his premises and by other testimony showing that appellant's father-in-law expressed a desire for appellant's business and actually came and endeavored to take possession of same after his conviction. The court failed to affirmatively present this defense to the jury. We hardly think that appellant's exception sufficiently raised the question, but, in view of another trial, we suggest that this issue be properly covered by an appropriate instruction.

For the error pointed out, appellant's motion for rehearing is granted, and the affirmance set aside, and this cause reversed and remanded for a new trial.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

**BETTIS et al. v. STATE. (No. 12195.)**

Court of Criminal Appeals of Texas. Jan. 16, 1929.

Wm. Leo Sparks, of Amarillo, for appellants.

A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for false imprisonment, with fine of appellant Bettis fixed at $125, and a fine of appellant Reddell fixed at $25.

We find upon inspection of this record that same contains no judgment, and for that reason this court is without jurisdiction. Page 13 of the transcript contains a short notation apparently of the docket entry and of the recognizance made by appellant Bettis, but, if there was any entry of the judgment

in the minutes, the same is wholly omitted here. Being without any judgment, this court has no jurisdiction of the appeal, and the same is accordingly dismissed.